**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff,*
Khosraw Akbar

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| KHOSRAW AKBAR, individually and on behalf of all others similarly situated, | Case No.: |
|---|---|
| Plaintiff(s), | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| **CITIBANK, N.A.,** | 1. **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 ET SEQ. ("TCPA"); AND** |
| Defendant(s). | 2. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ. ("RFDCPA")** |
| | **[JURY TRIAL DEMANDED]** |

//
//
//
//
//
//

- 1 -
CLASS ACTION COMPLAINT

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. Plaintiff KHOSRAW AKBAR, individually and on behalf of all others similarly situated ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant CITIBANK, N.A. ("Defendant") in negligently and/or knowingly contacting Plaintiff, without implied or express consent, on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff additionally brings this lawsuit to challenge the actions of Defendant with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff in violation of the California Rosenthal Act, California Civil Code §§ 1788, et seq. ("Rosenthal Act" or "RFDCPA") and this conduct caused Plaintiff damages.

3. In 2015, the Federal Communications Commission noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13; see also, *Mims*, 132 S. Ct. at 744.

7. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746

F.3d 1242 (11th Cir. 2014).

8. The FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc.*, 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending him the ***text message***) (emphasis added).

9. The United States Court of Appeals for the Ninth Circuit recently held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

10. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

11. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

12. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

13. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b) because this case arises from violations of the federal law. In addition, this Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

15. As mentioned above, this action arises out of Defendant's violations of (i) the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"); and (ii) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("RFDCPA").

16. Because Defendant conducts business within the State of California, personal jurisdiction is established.

17. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b) does substantial business within this district;

    (c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d) the harm to Plaintiff occurred within this district.

## PARTIES

18. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of Orange, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39), a "debtor" as defined

by California Civil Code § 1788.2(h), and a "consumer" as defined by Cal. Civ. Code § 1785.3(b) and 15 U.S.C. § 1692a(3).

19. Defendant is, and at all times mentioned herein was, a national banking association and a "person as defined by 47 U.S.C. § 153 (39) with a principal place of business in the County of Sioux Falls, in the State of South Dakota. At all times relevant herein, Defendant conducted business in the State of California and in the County of Orange, and within this judicial district.

20. Defendant was allegedly owed a monetary debt by Plaintiff, making Defendant a "creditor" under California Civil Code § 1788.2(i) of the RFDCPA. Defendant is one who regularly collects or attempts to collect, directly or indirectly, debts from its current and/or former members on Defendant's own behalf, and is therefore a "debt collector" within the meaning of California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6), and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

22. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

23. At all times relevant Defendant conducted business in the State of California and in the County of Orange, within this judicial district.

24. Sometime prior to May 2019, Plaintiff allegedly incurred financial obligations to Defendant, an original creditor, that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to

another person and were therefore "debt(s)" as that term is defined by Cal. Civ. Code § 1788.2(d) and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

25. Sometime after allegedly incurring the alleged debt, Plaintiff allegedly fell behind on the payments allegedly owed on the debt.

26. As a result of Plaintiff's alleged delinquency in payments on the alleged debt, Plaintiff received numerous telephonic communications from Defendant attempting to collect payment on the alleged debt. These communications requesting payment from Plaintiff constitute "debt collection" as that phrase is defined by Civ. Code § 1788.2(b).

27. During May 2019, Defendant sent Plaintiff numerous text messages to Plaintiff's cellular telephone number ending in "6690" from SMS short code number 692-484 informing Plaintiff of declined credit card transactions, and requesting payment from Plaintiff.

28. On May 18, 2019, at approximately 1:14 a.m. PST, Defendant sent Plaintiff one such text message, which stated:

> Citi Msg: We declined a transaction on card ending in 5951 because you've exceeded your credit limit. Make a payment at citi.com/payments. Reply STOP to opt out

29. After receiving the above text message from Defendant, later that morning, on May 18, 2019, at approximately 6:38 a.m. PST, Plaintiff responded to the above text message with the word "Stop," indicating that Plaintiff wanted to opt out and stop receiving any further such automated text messages from Defendant.

30. Immediately following Plaintiff's "Stop" text, Defendant sent Plaintiff an automatic reply text message from Defendant's SMS short code number 692-484 which stated:

> "Citi Msg: You must enroll to use this servi"

31. Defendant's immediate and automatic form response to Plaintiff's "Stop" message is indicative of the use of an automatic telephone dialing system.

32. Despite Plaintiff's written request that Defendant cease further communications and Plaintiff's express revocation of any prior-existing purported consent to receive such automated text messages, Defendant continued to repeatedly send the same form text messages to Plaintiff, which stated:

> Citi Msg: We declined a transaction on card ending in 5951 because you've exceeded your credit limit. Make a payment at citi.com/payments. Reply STOP to opt out

33. Defendant sent the above form text message to Plaintiff again on May 19, 2019 at approximately 12:57 a.m. PST from Defendant's SMS short code number 692-484.

34. Defendant sent the above form text message to Plaintiff again on May 19, 2019 twice consecutively in rapid succession at approximately 7:05 p.m. PST from Defendant's SMS short code number 692-484

35. In response to the above text messages from Defendant, Plaintiff responded by sending a text message with the word "Stop," once again expressing to Defendant that Plaintiff wanted to opt out and stop receiving any further such automated text messages from Defendant.

36. Nonetheless, Defendant continued to send the same form text message to Plaintiff on May 21, 2019 at approximately 2:10 a.m. PST from Defendant's SMS short code number 692-484 three (3) times consecutively in rapid succession.

37. In response to the above text messages from Defendant, Plaintiff again responded by sending a text message with the word "Stop," again expressing to Defendant that Plaintiff wanted to opt out, wanted Defendant to cease messaging him, and wanted to stop receiving any further automated text messages from Defendant.

38. Immediately following Plaintiff's "Stop" text, Defendant sent Plaintiff an automatic reply text message from Defendant's SMS short code number 692-484 which stated:

> "Citi Msg: You must enroll to use this service. To enroll, go to citi.com/sms"

39. Later that day, on May 21, 2019 at approximately 9:21 p.m. PST, Defendant sent Plaintiff another form text message, identical to the above-alleged text messages, from Defendant's SMS short code number 692-484.

40. The aforementioned text messages to Plaintiff's cellular telephone after Plaintiff's numerous requests that Defendant cease such communications constitute numerous violations of the TCPA and the RFDCPA.

41. Through the above-described conduct and communications, Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with a consumer in connection with collection of an alleged debt before 8:00 a.m. and after 9:00 p.m. at the time local to the consumer, which are times known to be inconvenient to a consumer. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant's conduct also constitutes a violation of Call. Civ. Code § 1788.17 of the RFDCPA.

42. Through the above-described conduct and repeated communications at inconvenient times, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse a consumer in connection with the collection of the consumer's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant's conduct also constitutes a violation of Call. Civ. Code § 1788.17 of the RFDCPA.

43. Through this conduct, Defendant also violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect an alleged debt from a consumer. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant's conduct also constitutes a violation of Call. Civ. Code § 1788.17 of the RFDCPA.

44. The aforementioned text messages send by Defendant to Plaintiff were each identical form text sent to numerous consumers, and not solely to Plaintiff, which is indicative of the use of an "automatic telephone dialing system," ("ATDS") as

defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A). Defendant used SMS short code number 692-484 to send this unsolicited text message to Plaintiff's cellular telephone.

45. Through the above-alleged unsolicited text messages, Defendant contacted Plaintiff on Plaintiff's cellular telephone via an ATDS as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

46. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

47. The cellular telephone number Defendant sent the unwanted text message to was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and text messages pursuant to 47 U.S.C. § 227(b)(1).

48. The text messages Defendant sent or caused to be sent to Plaintiff each constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

49. Plaintiff did not provide Defendant and/or its agent with prior express consent to send text messages, including unsolicited text messages via an ATDS, to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A). However, if any such purported prior express consent was previously provided, Plaintiff expressly revoked such consent by repeatedly texting Defendant "Stop."

50. These unsolicited telephonic communications to Plaintiff by Defendant and/or its agent violated 47 U.S.C. § 227(b)(1).

51. Through this action, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

52. Plaintiff was personally affected because Plaintiff was frustrated and distressed that Defendant harassed Plaintiff with continuous text messages via an ATDS.

53. Defendant's telephonic communications forced Plaintiff and class members to live without the utility of their cellular phones by forcing Plaintiff and class members to silence their cellular phones and/or block incoming numbers.

54. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendant sent such text messages to consumers without their consent, it fails to address or respect the limitations imposed by the TCPA. In doing so, Defendant invades Plaintiff and similarly situated persons' privacy and violates the spirit and intent behind the TCPA.

55. Through the aforementioned conduct, Defendant violated 47 U.S.C. §§ 227, et seq.

## CLASS ACTION ALLEGATIONS

56. Plaintiff brings this action individually and on behalf of all others similarly situated ("the Class").

57. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who were sent a text message by Defendant and/or its agent(s) to said person's cellular telephone through the utilization of any automatic telephone dialing system without said person's consent within the four (4) years prior to the filing of this action.

58. Plaintiff represents, and is a member of the Subclass, consisting of:

> All persons within California who were sent a debt collection communication by Defendant after Defendant received a written request to cease such communications with said person within one (1) year prior to the filing of this action.

59. Defendant and its employees and/or agents are excluded from the Class and the Subclass. Plaintiff does not know the number of members in the Class and the Subclass, but believes the Class and the Subclass members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

60. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited SPAM text message/s, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone

time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

61. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

62. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

63. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any unsolicited text message/s (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;
   b. Whether Defendant can meet its burden of showing it obtained and had valid prior express consent (i.e., consent that is clearly and unmistakably stated);
   c. Whether Defendant's conduct was knowing and/or willful;
   d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    e. Whether Defendant and/or its agents should be enjoined from engaging in such conduct in the future.

    f. Whether Defendant violated the RFDCPA as described herein;

    g. Whether members of the Class are entitled to the remedies provided pursuant to the RFDCPA;

    h. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA; and

    i. Whether Plaintiff and the Class are entitled to any other relief.

64. As a person who received at least one unsolicited text message after express revocation of any purported consent and a written request to cease and desist such debt collection communications, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

65. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

66. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act (TCPA) and the Rosenthal Fair Debt Collection Practices Act (RFDCPA).

67. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy

are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

68. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227, ET SEQ.

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

71. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227 et seq., Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

72. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227, ET SEQ.

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, et seq.

75. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227 et seq., Plaintiff and the Class are entitled to an award of treble damages, as provided by statute, of $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

76. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788, ET SEQ.

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

79. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

- An order certifying this case as a Class Action on behalf of the Class and the Subclass as defined above, appointing Plaintiff as the Class Representative and appointing Plaintiff's counsel as Class Counsel;
- An order declaring that Defendant's conduct, as alleged above, was in violation of the TCPA and the RFDCPA;
- Injunctive relief requiring Defendant to cease all unsolicited text messaging activity to Plaintiff and the Class and prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system ("ATDS") without obtaining the recipient's prior express consent to receive such telephonic communications via the use of such equipment;

- An award of reasonable attorneys' fees and costs to Plaintiff's counsel pursuant to, inter alia, California Code of Civil Procedure § 1021.5;
- Post-judgment interest; and
- Any other relief the Court may deem just and proper.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227, ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227, ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and
- Any other relief the Court may deem just and proper.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE RFDCPA
### CAL. CIV. CODE §§ 1788, ET SEQ.

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, to Plaintiff and each Class member pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

80. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 4, 2019　　　　　　　　　　Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: 　*s/ Abbas Kazerounian*
　　　ABBAS KAZEROUNIAN, ESQ.
　　　MONA AMINI, ESQ.
　　　*Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626